UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME JACKSON,

    Plaintiff,

v.                                               Case No. 12-14134

THE FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

    Defendants.
                                              /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY
AND MOTION TO EXTEND DISCOVERY**

      Plaintiff Jerome Jackson moves to compel discovery and to extend discovery by sixty days. The motions have been fully briefed, and a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, both motions will be denied.

### I. DISCUSSION

### A. Motion to Compel Discovery

      Jackson claims that on December 7, 2012, and January 25, 2013, he served Defendant Wayne County Home Program ("Wayne County") with a request for documents and interrogatories, respectively. Wayne County has allegedly failed to answer these discovery requests, and Jackson moves to compel Wayne County to respond. Wayne County denies that it ever received such requests and argues that it first learned of the requests on June 19, 2013, when Jackson emailed Wayne County to ask when it would respond. Wayne County maintains that Jackson did not inquire about the discovery requests until this June 19, 2013 email.

Jackson's motion to compel discovery is untimely. While discovery closed on May 24, 2013, Jackson waited until July 3, 2013, to move to compel responses to discovery requests that allegedly were made seven months prior. Furthermore, the court is unable to determine whether such requests were served on the alleged dates. Jackson's brief in support of his motion claims to attach copies of the discovery requests, but no copies were, in fact, included. Accordingly, Jackson has not met his burden of demonstrating that Wayne County should be compelled to provide the requested discovery, and the motion will be denied.

### B. Motion to Extend Discovery

The original scheduling order allowed five months of discovery. On a joint motion by the parties, the court extended discovery for sixty days and scheduled discovery to end on May 24, 2013. On June 20, 2013, nearly one month after the close of discovery and only four days before the dispositive motion deadline, Jackson moved to extend discovery for another sixty days. A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Jackson offers numerous reasons for extending discovery, but none amount to "good cause" to warrant modifying the scheduling order.

First, Jackson claims that Wayne County has not responded to Jackson's request for documents served on December 7, 2012, or interrogatories served on January 25, 2013. As explained above, Wayne County denies receiving such discovery requests, and Jackson has not provided a copy of the requests to allow the court to confirm that such requests were, in fact, made.

Second, Jackson seeks an extension so that he may depose Maurice Adams as an individual allegedly affiliated with the Home Program who is familiar with Jackson's decision to purchase a home using funds obtained from the Home Program. Jackson claims that he requested that Wayne County identify an individual familiar with Jackson's case, but that Wayne County never responded. Wayne County maintains that it did not receive Jackson's request, and Jackson has failed to provided a copy of this request so that the court can determine whether the request was made. Jackson learned of Adams's identity through other discovery, but he did not request to depose Jackson until June 17, 2013, after discovery closed. Additionally, Wayne County maintains that Adams is not affiliated with the Home Program, but rather with Wayne County Mental Health Division. Consequently, it does not appear that Adams will be able to provide Jackson with the information he seeks.

Jackson contends that it requested Defendant Federal National Mortgage Association ("Fannie Mae") to present for deposition a representative familiar with the Community Home Choice Program, but that Fannie Mae has failed to do so. Fannie Mae explains that, on May 16, 2013, one week before the close of discovery, Jackson notified Fannie Mae that he wanted to depose a Fannie Mae representative. Fannie Mae responded that it would produce a representative once Jackson informed Fannie Mae of the topics about which he wanted to question the representative. Jackson agreed, but did not so advise Fannie Mae until June 17, 2013, three weeks after discovery ended.

Even though the court allowed seven months of discovery, Jackson waited until the last minute to attempt to depose a Fannie Mae representative. Ultimately, Jackson

3

was unable to schedule the deposition before discovery closed. He has not shown good cause for extending discovery another two months in order to complete the deposition.

Finally, Jackson claims that two "new" pieces of information have become available during discovery that require additional investigation. First, Jackson contends that Fannie Mae's Community Home Choice Program was a predatory lending program targeted to disabled individuals such as Jackson. Jackson does not explain how he only just learned of this information during discovery or how this information is otherwise "new" to justify extending discovery. Indeed, his description of the Community Home Choice Program appears to be a preview of his argument addressing why he should not be evicted. Second, Jackson claims that his neighbor, who is disabled and purchased a home through Community Home Choice Program, is also facing foreclosure and eviction by Fannie Mae because Defendant Community Living Services has stated that it will stop paying its portion of the neighbor's monthly mortgage. Jackson's counsel has recently agreed to represent the neighbor in challenging the foreclosure. While the neighbor and Jackson may be litigating similar claims against the same defendants, Jackson does not clarify how the neighbor's lawsuit provides good cause for extending discovery in this action.

Defendants timely filed three motions for summary judgment, and if discovery were reopened, Defendants would be prejudiced in having to file another round of dispositive motions. Jackson has not met his burden of showing good cause for amending the scheduling order and extending the discovery deadline. The motion will be denied.

## II. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's motion to extend discovery [Dkt. # 26] and motion to compel discovery [Dkt. # 37] are DENIED.

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  July 22, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 22, 2013, by electronic and/or ordinary mail.

       s/Lisa Wagner
       Case Manager and Deputy Clerk
       (313) 234-5522